[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 113.]

OFFICE OF DISCIPLINARY COUNSEL *v*. WALLACE.

[Cite as *Disciplinary Counsel v. Wallace*, 2000-Ohio-120.]

*Attorneys at law—Misconduct—Six-month suspension—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.*

(No. 99-1866—Submitted January 12, 2000—Decided May 31, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-51.

_____

{¶ 1} In July 1992, Crestline Building & Loan Association, the mortgage holder, purchased a residence owned by James Benedict at a foreclosure sale. In November 1993, Benedict retained respondent, Paul Wallace of Columbus, Ohio, Attorney Registration No. 0010369, to recover title to his home from the Resolution Trust Corporation ("RTC"), which had taken control of Crestline in November 1992.

{¶ 2} In December 1993, respondent filed an action to recover the property in the United States District Court for the Northern District of Ohio against Crestline, the RTC, and two real estate companies charged with managing the property on behalf of the RTC. On December 28, 1993, the defendants moved to dismiss the complaint for insufficient service of process, failure to state a claim upon which relief can be granted, and failure to join parties under Fed.R.Civ.Proc. 19. Respondent did not respond to the motion, and in February 1994, the court dismissed the complaint. Respondent did not inform Benedict that the case had been dismissed and did not file an appeal.

{¶ 3} After the dismissal, respondent continued to take actions that led Benedict to believe that the case was still pending, including billing Benedict in April 1994 for a "Review of RTC Motions" performed on March 1, 1994, and

renewing that billing in May and June 1994. In July and August 1994, respondent sent letters to Benedict indicating that he intended to "push forward with the litigation" and get the matter set for hearing as soon as possible and that the case was the "most important matter in this office at this time."

{¶ 4} Also in August 1994, respondent wrote to Benedict stating that he would file an amended complaint in an attempt to add another plaintiff to the lawsuit. In October 1994, he wrote to Benedict stating that he was awaiting a decision on a jurisdictional motion raised by the defendants.

{¶ 5} In February 1995, respondent wrote to Benedict suggesting that he consider filing a state court lawsuit to address the same issues. In that same month, Benedict called the Clerk of the United States District Court and was informed that the case had been dismissed a year earlier. Due to the statute of limitations, it was then too late for Benedict to refile his case.

{¶ 6} In August 1998, relator, Office of Disciplinary Counsel, filed a complaint charging that respondent's conduct violated several Disciplinary Rules. Respondent answered, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline ("board"). The panel found that respondent's conduct violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1-102(A)(6) (engaging in conduct that adversely reflects upon the lawyer's fitness to practice law). After noting in mitigation that respondent returned Benedict's retainer and receiving character testimony from several attorneys, the panel recommended that respondent be suspended from the practice of law for six months and that the entire six months be stayed. The board adopted the findings and conclusions of the panel and recommended that respondent be suspended from the practice of law for six months.

———————————

*Jonathan E. Coughlan,* Disciplinary Counsel, and *Kenneth R. Donchatz,* Assistant Disciplinary Counsel, for relator.

*Michael T. Gunner,* for respondent.

————————————

*Per Curiam.*

{¶ 7} We adopt the findings, conclusions, and recommendation of the board.  Respondent's repeated attempts to mislead his client constitute a course of conduct in violation of DR 1-102(A)(4), which warrants an actual suspension from the practice of law.  *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 191, 658 N.E.2d 237, 240.  Respondent is hereby suspended from the practice of law in Ohio for six months.  Cost are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————